## Albert Schaffner, Administrator, Appellee, v. C. F. Massey Company, Appellant.

### Gen. No. 20,345. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914. Rehearing denied November 23, 1914.

## Statement of the Case.

Albert Schaffner, suing as the administrator of the estate of Frank Kosatka, deceased, recovered a judgment against C. F. Massey Company, a corporation, for five thousand dollars for the death of Frank Kosatka. The facts stated below are substantially taken from the opinion:

Defendant manufactured concrete battery wells, used for the signal service of railroads. These wells

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

resembled in shape large milk bottles. The perpendicular walls are five feet five inches high. Above this is a shoulder tapering inward, about ten inches high, and above this the neck extending about eighteen inches high. The opening in the top is twenty-eight to thirty inches in diameter, and at the bottom the well is about four feet ten inches in diameter. In the late afternoon of August 11, 1912, decedent, while working as a painter in the shop of the defendant, went into one of these wells, using a ladder, and proceeded to paint the inside. Whether or not he did this acting under a specific order from the foreman is disputed. He was not thereafter seen alive, but the next morning shortly after seven o'clock he was found lying dead on the inside of the well. That his death was caused by paint and gasoline fumes seems to be admitted.

On behalf of the administrator a witness testified that about 2:30 o'clock on the afternoon of August 11th, the foreman, Barry, said to the decedent: "Frank, get some of that paint, I want you to paint some battery wells on the inside up here;" that decedent went immediately to the paint barrel, filled a can with paint, then mixed it with gasoline, and walked with the foreman to the battery wells, and was seen with his hand on a ladder which was leaning against the well in which his body was subsequently found. Contradicting this, the foreman testified that his order was: "As soon as he finished the job he was on that I had some bottoms of wells to paint, to hunt me up and let me know, and I would show him what I wanted done." Another witness gave testimony tending to corroborate the foreman. Respective counsel seek to support each story by evidence and argument concerning the circumstances of the situation and the usual manner of doing the work. For instance, it is strongly urged by defendant that the inside walls of the wells were never painted, but only the bottoms.

This is disputed by testimony to the effect that sometimes the entire inside was painted.

A judgment was entered in favor of the administrator, and the defendant appeals from the judgment.

HOLT, CUTTING & SIDLEY, for appellant.

FRANCIS X. BUSCH and JAROLD SVOBODA, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 253*—*when credibility of witness is for jury.* The credibility of a witness is for the jury, in the absence of surrounding conditions such as to make his story impossible or improbable.

2. MASTER AND SERVANT, § 197*—*when master bound to warn of dangers from fumes of paint and gasoline.* Where decedent was given a specific order to paint the interior of a concrete battery well, the jury could properly believe from the evidence that paint and gasoline used in such a receptacle would give off fumes dangerous to the life of one working therein, so that the defendant must have been negligent in giving the specific order without warning of the dangers involved.

3. MASTER AND SERVANT, § 379*—*when servant does not assume the risk incident to place and work.* Evidence *held* insufficient to show that a painter assumed the risk from fumes in working in a battery well.

4. NEGLIGENCE, § 188*—*when evidence sufficient to show due care of deceased.* In the absence of direct testimony, the evidence is *held* to show due care on the part of decedent, who met his death from the fumes of paint and gasoline while painting a battery well.

5. NEGLIGENCE, § 188*—*presumption as to due care for safety.* While the burden of proving due care for safety is upon the one asserting it, even if there is no direct evidence as to the conduct of a decedent in this respect, in an action to recover for his death from the fumes of paint and gasoline while painting the interior of a battery well, the decedent is entitled to the presumption that men naturally seek to avoid injury and to preserve their own lives.

6. DEATH, § 58*—*what may be considered in arriving at damages by loss of a brother or son.* In an action to recover for the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

death of decedent, an instruction authorizing the jury to consider not only what the parents of the decedent might reasonably have expected, if he had lived, but also what his adult brothers and sisters might have expected, is not erroneous, where the jury are limited to the consideration of the testimony upon the question and are told to consider only what the evidence showed the next of kin might reasonably expect in a pecuniary way.

7. MASTER AND SERVANT, § 307*—*when court may refuse an abstract instruction as to assumption of risk.* In an action to recover for a death caused by paint and gasoline fumes arising while decedent was painting the interior of a concrete battery well, it was not erroneous to refuse to give an instruction containing an abstract statement of the law as to assumption of risk, which ignored entirely the theory and proof that the decedent was obeying a specific order in painting the well.

8. INSTRUCTIONS, § 151*—*when requested instruction may be refused.* It is not erroneous to refuse a requested instruction practically covered by an instruction given.

9. TRIAL, § 45*—*when improper remarks of the court will not require reversal.* Where the court's remarks, indicating hostility towards certain of defendant's witnesses, are made in chambers, out of the hearing of the jury, they are not so prejudicial as to require a reversal.

10. DEATH, § 67*—*when the amount of damages awarded is not excessive.* A verdict of five thousand dollars for the death of a young man over eighteen years of age, ₒwho was the support of his mother, *held* not excessive.